The opinion of the court was delivered by
Spencer, J.
The minor Helen S. Stafford owned the Cherry Bluff •plantation in Richland parish. Her tutor and father was J. Q. C. Stafford, who during the year 1875 undertook the cultivation of said place, •in the name and for account of the minor. He appointed one Hunter ¡as agent or manager of the place. As such Hunter employed laborers, *650 and made contracts with them. The general terms of these contracts were, that Stafford, tutor, should furnish land, houses, team and utensils, and advance necessary supplies. The laborer to have one half the crops, less such amount thereof as would reimburse the supplies advanced. Among the persons employed by Hunter, agent, was one J. M. Calloway. The substance of their contract was, that Calloway was “ to furnish his horse, two oxen, and wagon and his personal labor in overseeing and cultivating the plantation, and to cultivate-acres in cotton and-acres in corn. Hunter, agent, was to furnish the land and two mules free cf rent for the year 1875; Calloway to occupy the house and quarters on said place and to keep the same in good order, and superintend the building of the fence, and look to th^ care of stock; Calloway to receive one half of the crop of cotton and corn made by him on the said-acres of land, as also one half of the net share of crop made by the other laborers on said place, less the amount of supplies furnished him by said Hunter, agent.”
R. H. Kelly was a merchant at Girard, in said parish. During the year Calloway, who was a nephew of Kelly by marriage, purchased goods, wares, and merchandise from Kelly. The credit seems to have been extended solely to Calloway. He bought the goods. The account was kept against him alone. It amounted to about $690, and embraced every variety of article of family use, from candy to pickled pork — from tape, needles, and pins to osnabergs and cottonades.
In January, 1867, Kelly, alleging that Calloway and Stafford were planting partners, and that he had furnished them with necessary supplies to make the crop of 1875 on Cherry Bluff, sequestered all the cotton and corn on the place, and caused the same to be delivered to him on bond, and disposed of it.
The present suit is brought by McIntosh, tutor of said minor (the former tutor having died), against Kelly and the sheriff to recover said property or its value. There was judgment below condemning defendants to return the property, and in default thereof to pay its value, $760, less $297 83, the amount of necessary supplies furnished by Kelly to make the crop; also for $100 damages for attorney’s fees, etc. Kelly having died, his administrator, John Chaffe, appeals. The sheriff has not appealed. There was no partnership between Stafford, and Calloway, much less between the latter and the minor. Hunter himself was but a manager or overseer, and had no authority in law or fact to put either Stafford or the minor in partnership with any one.
Calloway is shown to have utterly failed to perform his part of the contract, and to have been a very idle person — neither working himself nor inducing the other laborers to work and gather the crops.
Under the testimony in this case Calloway himself could not. have *651 justly demanded, any part of the products of the year. If Kelly had any rights against the minor, it was only to the extent that he shows that the goods and supplies furnished by him to Calloway were used in feeding the laborers, etc., whilst making the crop, and to the extent therefore that they inured to the benefit of the minor. The judge a quo had the witnesses before him, and he concluded that the minor had received benefit to the extent of $297 83. The minor, under the evidence in this case was the owner of the crop, and had advanced tothe negroes supplies quite equal to their portion of it. The seizure of it by Kelly, as the property of a planting partnership, between Stafford and Calloway, was tortious; and as he disposed of it, 'he was properly condemned to pay its value, and damages. We are not prepared to say the judge a quo erred in allowing the credit of $297 83, as being the amount of advantage derived by the minor, from the supplies furnished by Kelly to Calloway.
The judgment is therefore affirmed with costs.